In the Matter of the Estate of Annie H. de Constantinovitch, Deceased.*

Supreme Court, New York County, October 18, 1935.

*Conboy, Hewitt, O'Brien & Boardman,* for the trustee.

*Wiley & Willcox* [*Bertram F. Willcox* and *Jonathan Edwards* of counsel], for the life beneficiary.

*Alfred E. Smith, Jr.,* special guardian for the infants, Heyward Cutting, Jr., and others, remaindermen.

*Cadwalader, Wickersham & Taft* [*Richard N. Crockett* of counsel], as *amicus curiæ* on behalf of Heyward Cutting, Jr., and others, infants.

* See 157 Misc. 345, for reargument.

DELEHANTY, S. By her will deceased established for the life of her husband a trust in her residuary estate and directed her trustee to "hold, manage, invest and reinvest the same. To collect the rents, revenues, incomes and profits arising thereon and therefrom and after payment of all proper expenses, costs and charges, to pay over and apply the net rents, revenues, incomes and profits to the use of my husband."

The total trust estate slightly exceeds $1,000,000. Initially its capital was in part constituted by twenty-eight parcels of real estate, some improved and some unimproved. During the term of the trust the trustee procured an order of the Supreme Court authorizing it to convey to a corporation all of the realty in the trust in return for the entire capital stock of the corporation to be organized. The transfer was made and thenceforth the capital asset in the trust consisted of the shares of stock of this realty corporation in lieu of the realty itself. This corporate stock is valued in the trust accounts at slightly under $400,000 and thus the realty constitutes approximately forty per cent of the total capital value of the trust.

Among these parcels of realty were some unproductive parcels. The court is advised that the appraised value of the unproductive parcels approximated a quarter of the entire value of the realty and so of course approximated ten per cent of the total trust capital.

During the period now accounted for by the trustee, the corporation so organized sold various parcels of the realty owned by it at a profit of which about $22,000 was derived from the sale of unproductive parcels. Subsequent to this sale and by reason of the profits thus accruing to the corporation the latter declared an extraordinary dividend of $5,000. Claim to this dividend is made by the life beneficiary who asserts that it is income. The remaindermen insist that it is principal. The trustee has credited it to the latter account subject to the direction of the court.

Some argument is made that by reason of the organization of the realty corporation pursuant to Supreme Court order this court must examine and will be bound by any special provisions in the charter of the corporation relating to the disposal of the proceeds of sale. With this position the court wholly disagrees. The corporation is a mere vehicle for administration. The rule for decision is to be found in the underlying instrument — the will of deceased. The question is to be determined on the same basis which would exist if the parcels had remained at all times in the ownership of the trustee and had been sold in its name and the proceeds, inclusive of the profits, paid directly to it in its character as trustee.

Authority is ample that if the purposes of a trust constituted in major part of unproductive real property cannot be accomplished except by treating the proceeds of sale of the property as partly income and partly capital such division may be made. So, too, the rule is firmly established in this State that if there be in the will a mandatory direction for conversion of realty into personalty the beneficiaries of income are entitled to a distribution on the basis which would have existed if the fund had been established immediately upon the death of the testator. Instances of the application of these rules are to be seen in those cases where the courts have gone to great length to assure the well-being of a particular object of the testator's bounty and have adopted the protection of such favored beneficiary as the guide to construction. (*Matter of Jackson*, 258 N. Y. 281; *Lawrence* v. *Littlefield*, 215 id. 561; *Furniss* v. *Cruikshank*, 230 id. 495.)

Here there is no mandatory direction to sell nor indeed any direction to sell at all. Here there is both productive and unproductive real property. Here there is a trust fund of which the unproductive property constitutes only one-tenth of its value and of which the remaining nine-tenths of the capital value is very large. The capital not tied up in unproductive property is such as to furnish assurance that the life beneficiary will be adequately cared for. The fact that the income beneficiary is the husband of deceased does not require that the accepted rules be strained to a point which would in effect mean that every gift in trust to a close relative implied a reading into the will of a mandate to sell unproductive capital. There is neither reason nor necessity for establishing such a rule. None of the cases indicate that where so small a fraction of the entire capital is locked up in unproductive property there must necessarily be apportionment. Even in the case of trusts for the benefit of close relatives the cases have not said that the proceeds of unproductive capital in the trust compels apportionment after its sale where the remainder in the trust capital produces income adequate for all reasonable uses of the beneficiary.

Disregarding the corporate structure and all of the argument based thereon and dealing with this fund as if the total profit out of the unproductive property had been received by the trustee in its character as such, the court holds that the increment so produced is, in this case and under the terms of this will, capital of the trust; and that none of it is distributable to the income beneficiary as income. (*Matter of Satterwhite*, 262 N. Y. 339.)

Submit, on notice, decree construing the will and settling the account accordingly.