In the Matter of the Estate of ANNIE H. DE CONSTANTINOVITCH, Deceased.

Surrogate's Court, New York County, November 19, 1942.

*Charles B. Fernald* for Chase National Bank of City of New York, petitioner.

*Cadwalader, Wickersham & Taft* for Constance R. Cutting, general guardian of infant respondents.

*Joseph A. Cox* for James F. Egan, Public Administrator of the County of New York.

FOLEY, S. In this accounting by the trustee instructions are requested as to the disposition of a portion of the income. The testatrix died in 1921. She created a trust of all her residuary estate for the benefit of her husband during his life. Upon the death of the husband the trustee is directed " to pay over and deliver the whole of said principal, capital and corpus of the estate with accumulations, if any, to the lawful issue of Heyward Cutting who should survive my husband." The husband, who was the life tenant of the trust, died on May 4, 1941. The accounting shows that there is some $18,000 of income in the hands of the trustee or subject to the control of the trustee which accrued prior to the death of the life tenant but which had not been paid over at that time.

The first question for determination is whether or not the above-quoted language of the will is an express stipulation against apportionment of the income within the purview of section 204 of the Surrogate's Court Act. The Surrogate holds that the will does not contain any stipulation against apportionment of the income and therefore section 204 of the Surrogate's Court Act is applicable. The case of *Matter of Watson* (144 Misc. 213, affd. on this point 237 App. Div. 625, 262 N. Y. 284) is controlling on this issue. In that case the " principal and accumulated income " were directed to be distributed to the remaindermen. The Surrogate's determination that such a provision was not a stipulation against apportionment of the income was affirmed by the Appellate Division and the Court of Appeals.

The second question as to the disposition of the income relates to that portion of the income derived from rents of real estate. At the date of the decedent's death a large portion of the residuary estate consisted of real property. In 1925 the trustee received permission from the Supreme Court to organize a corporation for the purpose of administering the real estate. The corporation was formed and title to the property conveyed to the corporation, the trustee receiving all of the stock.

The accounting shows that the corporation has on hand undistributed income of $11,698.68 which was earned up to the date of the death of the life tenant of the trust.

It is contended on behalf of the remaindermen that since the real property was administered by the corporation and that dividends from corporation profits were declared at irregular intervals and paid to the trustees, section 204 of the Surrogate's Court Act is not applicable to this income.

In the prior accounting in this estate a similar contention as to the distinct and independent nature of the corporation was raised before my colleague, Mr. Surrogate Delehanty. In that accounting proceeding he held that in so far as the rights of the life tenant and remaindermen were concerned the corporate entity might be disregarded since the corporate form of the administration of the real property was adopted as a convenience. (*Matter of de Constantinovitch*, 157 Misc. 328.) As was stated in that decision, the rights of the life tenant and remaindermen are to be determined by the language of the will.

The corporation was formed subsequent to the decedent's death. The right of the life tenant to receive the income from all of the trust corpus was inalienable and could not be destroyed by any act of the trustee or of any other person. (Personal Property Law, § 15; Real Property Law, § 103; *Matter of Wentworth*, 230 N. Y. 176.) I accordingly hold that the income earned on the property owned by the corporation up to the date of the life tenant's death is now payable to the estate of the deceased life tenant. (*Matter of de Constantinovitch, supra; Matter of Densen,* 163 Misc. 232; *Matter of Adler,* 164 Misc. 544.)

Accordingly, there being no stipulation against apportionment in the will, all of the income earned on the trust principal up to the date of the life tenant's death is now payable to his estate.

Submit decree on notice settling the account accordingly.